UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NKOSI SADIKI BRAUN,

                          Plaintiff,

          -against-

DWAYNE A . NASH, et al.,

                          Defendants.

1:24-CV-8870 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Nkosi Sadiki Braun, who may also be known as Nkosi Sadiki Brown, claims to be a citizen of Connecticut, and of Antigua and Barbuda, but lists his mailing address as being in Alcolu, South Carolina.[1] He invokes both the court's federal question and diversity of citizenship subject matter jurisdiction. Plaintiff asserts, as the bases for the court's federal question jurisdiction to consider this action, the following: "the crime of moral turpitude to sue electromagnetic manipulation (neuralink) to prevent [Plaintiff] and [his] boss from working together to make money while the without authorization record [Plaintiff's] life's jury and private thought for the last 15 years as of Nov. 2024."[2] (ECF 1, at 3.) Plaintiff names as defendants: (1) Dwayne A. Nash; (2) Oprah Winfrey; (3) Michele E. Kennedy; (4) Jonathan Clayton Hampher; (5) Timothy Bostick; (6) Danielle Baley; (7) Cassandra Rosa Wilson; and (8) Calvin L. Warren.

---

[1] A person named Aubrey Drake Graham is listed as another plaintiff in the caption of the complaint commencing this action. Because Plaintiff Nkosi Sadiki Braun is the only plaintiff to have signed the complaint, however, the Court regards him as the sole plaintiff in this action.

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the complaint unless noted otherwise.

By Order dated December 2, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses this action for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

Plaintiff alleges the following in his complaint's statement of claim: On Thanksgiving Day in 2009, in Stamford, Connecticut, and in New York, New York, Plaintiff was sitting:

> in front of the [television] and as [he] was watching the Hallmark [Channel, he] heard first Dwayne A. Nash's voice and then John Hampher but did not see their faces. [Plaintiff] thus sent Dwayne A. Nash [his] business plan but he did[n't] send an email with text[.] [H]e instead trick[ed] [Plaintiff] into coming over to witness [] straight Jon though go into the show with Michelle E. Kennedy. Michelle that assaulted [Plaintiff] and [Plaintiff] had no plans of voluntarily going to see them anyway. The[n] one morning[,] [Plaintiff] went to St. John [the] Divine and there Vicky Sircha . . . .The last time [Plaintiff] saw Michelle Kennedy in an "interesting dress" and Jon in a black suit. [Plaintiff] said [he] meant no disrespect and asked Jon about his book of poems. He said he was being nice and then said don't talk to me again, but as his last text said, "I am straight come over," why was he upset with [Plaintiff]?

(ECF 1, at 9-11.)

In the injuries section of Plaintiff's complaint, Plaintiff seems to allege "a conspiracy to use the [television] to confuse[] [his] communication." (*Id.* at 11.) In both the injuries and relief sections of his complaint, Plaintiff states that he is a "professional actor" and that "as [he] had pity for Jon[,] [he] thought he would accept that as he approach[ed] [Plaintiff] because he knew [Plaintiff's] talent he would accept a plutonic business relationship." (*Id.*) Plaintiff also believes that others want him to commit suicide. (*Id.*)

Plaintiff further asserts that he is or was a White House intern and that he "sued for the point and only ask[s] to be paid $50,000 salary a year." (*Id.* at 12.) He additionally states that he has:

> a comprehensive economy plan to make America great again but Oprah want[s] to stop [him] because she wants her legacy to win some great amount of money, when all [Plaintiff] want[s] is to help all able to work and prosper—but they hate [Plaintiff] because the person who loves [him] apparently been sorry and the DNA want us to both be wealthy and help others.

(*Id.*)

## DISCUSSION

### A.    Plaintiff's claims are frivolous

Under the IFP statute, a court must dismiss an action if it determines that, among other things, the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). An action is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact.");

*Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff's claims appear to be premised upon his belief that, on Thanksgiving Day 2009: (1) television characters or other individuals were in communication with him via his television and that at least one of them rejected his business proposition; (2) another television character or person assaulted him; (3) he is or was a White House intern that authored an economic recovery plan for the country; and (4) Oprah Winfrey does not want that plan to come into effect. However, a "[p]laintiff's beliefs—however strongly he may hold them—are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for his abovementioned assertions. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414 (KPF), 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing a basis for information and belief); *Johnson v. Univ. of Rochester Med. Ctr.*, 686 F. Supp. 2d 259, 266 (W.D.N.Y. 2010) (even where necessary evidence is "within the exclusive control of the defendant . . . plaintiff must still set forth the factual basis for that belief"), *appeal dismissed*, 642 F.3d 121 (2d Cir. 2011).

The Court finds that Plaintiff does not provide any plausible factual support for his claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff has provided the court with the above described narrative. He has not pleaded any plausible factual predicate in support of his assertions. Plaintiff's allegations amount to conclusory claims and suspicions that are not plausible and must be dismissed as frivolous. *See* § 1915(e)(2)(B)(i);

4

*Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, No. 17-CV-2652 (JFB) (SIL), 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible").

## B.    Leave to amend denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011). Plaintiff's complaint does not suggest that Plaintiff is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (district court did not err in dismissing a claim with prejudice in absence of any indication the plaintiff could or would provide additional allegations leading to a different result); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.[3]

---

[3] The Court notes that, by Order dated and entered on November 3, 2025, the Court barred a person named Nkosi S. Brown from filing future civil actions in this court IFP without first obtaining leave of the court to file. *Brown v. www.junhampton*, ECF 1:24-CV-7173, 7 (S.D.N.Y. Nov. 3, 2025). This filing injunction, which was imposed in one of Brown's *pro se*

## CONCLUSION

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reason set forth in this Order.

SO ORDERED.

Dated:  December 22, 2025
        New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

civil actions after Plaintiff filed the complaint commencing this action, was imposed due to Brown's history of filing non-meritorious actions in this court. *See Brown v. www.jonhampton.com*, No. 1:24-CV-7173 (LTS), 2025 WL 2295250, at *2 (S.D.N.Y. Aug. 6, 2025) (discussing Brown's litigation history in this court). To the extent that Plaintiff and Brown are the same person, the Court reminds Plaintiff that the abovementioned filing injunction remains in effect.